liGRISBAUM, Judge.
This appeal concerns the granting of a judgment on the pleadings. We set aside.

FACTS AND PROCEDURAL HISTORY

Mr. Dom Schwab owned a very extensive toy train collection valued around one million dollars, which was displayed in the Kenner Toy Train Museum in the Kenner Rivertown area. After Mr. Schwab died, the City of Kenner (defendant-appellant) entered into a contract with his widow, Ms. Iris Schwab (plaintiff-appellee) to allow the collection to remain for continuous display to the public.
On August 4, 1994, a resolution was unanimously passed by the Kenner City Council authorizing the mayor of Kenner to execute an agreement between the City of Kenner (“Kenner”) and Ms. Schwab. No prior consent or approval was given by the State Bond Commission for Kenner to enter into this agreement. |2The agreement provided that the collection was to remain at the Kenner Toy Train Museum in return for a $1,000.00 per month lease payment in compensation to the owner for a ten-year term with an option to renew for one additional ten-year term. Whereas the agreement makes no mention of the source of funds for payment, the resolution provided that funding for the lease payments would be available through corporate sponsorship. The agreement was signed on August 16, 1994 by Ms. Schwab and Mr. Aaron Broussard, Mayor of Kenner.
On May 20, 1996, the plaintiff was notified by letter that Kenner could no longer appropriate the funds to continue the payments pursuant to the agreement. Therefore, Ken-ner wished to terminate the agreement at the end of the fiscal year, which was June 30, 1996, and arrangements should be made for the packing and removal of the collection. In response, the plaintiff filed suit, seeking to enforce the contract. Kenner timely filed an answer and a reconventional demand. The plaintiff then filed a motion for judgment on the pleadings. After a hearing on December 16, 1996, the court granted the motion and judgment was rendered in plaintiffs favor, finding that a valid contract existed and was breached, thus ordering Kenner to pay the plaintiff the remainder of the lease payments under the agreement and ordering Kenner to continue to make the train collection readily accessible to the general public.

LAW AND ANALYSIS

We are initially compelled to recognize that the trial court was correct in granting the judgment on the pleadings.
La.Code Civ. P. art 966 provides:
Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in mover’s Rpleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party’s pleadings shall be considered true.
After a careful review of the pleadings, it shows no allegations were raised regarding an invalid contract. Because we conclude there was no issue of material fact, the factual scenario presented clearly demonstrates that, as a matter of law, the judgment on the pleadings was appropriate.
However, the trial court’s conclusion, as a matter of law, was incorrect, which brings us to the threshold question whether the contract in question constitutes “a future debt.” Under the Louisiana statutory scheme, a municipality does not have the authority to incur debt without prior consent and approval of the State Bond Commission.
La. R.S. 39:1410.60(A) provides that
No parish, municipality, public board, political or public corporation, subdivision, or taxing district, and no road or subroad district, school district, sewerage district, drainage or subdrainage district, levee district, waterworks or subwaterworks district, irrigation district, road lighting district, harbor and terminal district, or any other political subdivision, taxing district, *322 political or public corporation, created under or by the constitution and laws of the state shall have authority to borrow money, incur debt, or to issue bonds, or other evidences of debt, or to levy taxes, or to pledge uncollected taxes or revenues for the payment thereof, where they are authorized by the constitution or laws of the state so to do, without the consent and approval of the State Bond Commission.
In light of our statutory scheme, we must conclude that, since no prior approval or consent was obtained from the State Bond Commission prior to the execution of this agreement with the appellee, the contract, on its face, is void ab initio, and the obligation underlying the agreement is, thus, unenforceable.
_|_4_For the reasons assigned, the trial court’s December 30, 1996 judgment is hereby set aside. All costs of this appeal are to be assessed against the appellee.

SET ASIDE.

GAUDIN, J. concurs.
CANNELLA, J., dissents with reasons.